**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ESTATE OF EITAM HENKIN, *et al.*,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **1:19-cv-1184 (RCL)** |
| **THE ISLAMIC REPUBLIC OF IRAN, *et al.*,** | ) | |
| **Defendants.** | ) | |

| | | |
|---|---|---|
| **JUDAH HERZEL HENKIN, *et al.*,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **1:18-cv-01273 (RCL)** |
| **THE ISLAMIC REPUBLIC OF IRAN, *et al.*,** | ) | |
| **Defendants.** | ) | |

# ORDER APPOINTING ALAN L. BALARAN AS SPECIAL MASTER

These cases arise out of a terrorist attack on the Henkin family in 2015, in which Eitam and Na'ama Henkin were killed in front of their four minor children. One set of plaintiffs (from the 1184 Case) comprises the estates of Eitam and Na'ama, along with their four minor children. The other set of plaintiffs (from the 1273 Case) comprises Eitam Henkin's parents and siblings. Each alleges that Hamas perpetrated the attack, and each alleges that Hamas received material support in perpetrating the attack from Iran and Syria. The 1184 plaintiffs additionally allege that the Iranian Revolutionary Guard Corps ("IRGC"), Ministry of Intelligence and Security ("MOIS"), and Banks Markazi, Melli, and Saderat also materially supported the attack.

Plaintiffs in the 1273 Case filed their complaint on May 31, 2018. 1273 ECF No. 1. Plaintiffs in the 1184 Case filed their complaint on April 24, 2019. 1184 ECF No. 1. In both cases, jurisdiction is predicated on 28 U.S.C. § 1605A, a statutory scheme that permits victims of state-sponsored terrorism who meet the statute's requirements to sue foreign sovereigns for their material support of terrorism.

Regarding service of process, both the 1273 Plaintiffs and the 1184 Plaintiffs validly effected service on the respective defendants. The 1273 Plaintiffs served Iran through diplomatic assistance on December 19, 2018. 1273 ECF No. 14. The 1273 Plaintiffs likewise served Syria through diplomatic assistance on January 22, 2019. 1273 ECF No. 15. The 1184 Plaintiffs served Banks Markazi and Saderat via registered mail on June 19, 2019. 1184 ECF No. 16. They likewise served Bank Melli via registered mail on June 20, 2019. 1184 ECF No. 15. They then served Iran, the IRGC, and the MOIS through diplomatic assistance on September 23, 2019. 1184 ECF No. 28. Last, they served Syria through diplomatic assistance on January 12, 2020. 1184 ECF No. 32.

The 1273 Plaintiffs filed their motion for default judgment against all defendants and memorandum in support on August 27, 2020. 1273 ECF No. 21. The 1184 Plaintiffs likewise filed their motion for default judgment against all defendants and memorandum in support on November 23, 2020. 1184 ECF No. 46. The Court held a joint evidentiary hearing with the Plaintiffs from both Case 1273 and Case 1184 on January 12 and 14, 2021. *See* Min. Entry, 1/12/21; Min. Entry, 1/14/21. The Court then issued findings of fact and conclusions of law, a supporting memorandum opinion, and a separate order finding liability for the attack as to all defendants on July 12, 2021. *See* 1184 ECF Nos. 61–63; 1273 ECF Nos. 29–31.

The Court finds that appointment of a special master to hear Plaintiffs' damages claims in the above-referenced matter pursuant to the terrorism exception in the Foreign Sovereign

Immunities Act is expressly authorized by 28 U.S.C. § 1605(A)(e)(1) and that an exceptional condition exists for the Court to appoint a special master to "make or recommend findings of fact on issues to be decided without a jury" within the meaning of Federal Rule of Civil Procedure 53(a)(1)(B)(i). Specifically, the Court finds that the appointment will assist the Court in rendering a valid final judgment in an efficient and expeditious proceeding.

The Court has also learned that Alan Balaran is willing to serve as a special master in these cases to take evidence concerning the damages to which plaintiffs in both actions are entitled for such liability. The Court is confident that Mr. Balaran will ably discharge his duties as special master. Attached to this Order are the Administrative Plan Governing Special Masters, Mr. Balaran's *curriculum vitae*, and a Declaration asserting his independence and ability to perform the duties in accordance with the Federal Rules and this Court's orders.

Accordingly, it is hereby **ORDERED** that Alan L. Balaran shall be appointed Special Master. Mr. Balaran shall consider the measure of damages appropriate for each plaintiff and for completion of such other duties as are specified in the Court's Administrative Plan accompanying this Order also issued this date. As such, the motion at ECF No. 64 in Case No. 1:19-cv-01184 is **DENIED**, and the motions at ECF Nos. 32 and 33 in Case No. 1:18-cv-01273 are **DISMISSED AS MOOT**, having been superseded by this Order and the associated Administrative Plan.

SO ORDERED.

SIGNED this 4th day of August, 2021.

Royce C. Lamberth
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ESTATE OF EITAM HENKIN, *et al.*,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **1:19-cv-1184 (RCL)** |
| **THE ISLAMIC REPUBLIC OF IRAN, *et al.*,** | ) | |
| **Defendants.** | ) | |

| | | |
|---|---|---|
| **JUDAH HERZEL HENKIN, *et al.*,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **1:18-cv-01273 (RCL)** |
| **THE ISLAMIC REPUBLIC OF IRAN, *et al.*,** | ) | |
| **Defendants.** | ) | |

## ADMINISTRATIVE PLAN GOVERNING SPECIAL MASTERS

"The courts of the United States may appoint special masters to hear damage claims brought under" the terrorism exception to the Foreign Sovereign Immunities Act. 28 U.S.C. § 1605A(e)(1). Federal Rule of Civil Procedure 53 permits the appointment of special masters to, *inter alia*, "resolve a difficult computation of damages." FED. R. CIV. P. 53(a)(1)(B)(ii). The appointment of special masters in this case will not impose undue expenses on any party and will not result in any unreasonable expenses or delay. *See* FED. R. CIV. P. 53(a)(3). To the contrary, the use of use of special masters will assist the Court in the efficient resolution of claims in this action. Accordingly, the following administrative plan shall govern the appointment of and all proceedings by all special masters in this action.

**I. Qualifications.**

Each person appointed as a special master of this court under this plan shall be a member of the bar of the highest court of a state of the United States or the District of Columbia; shall have not less than five years' experience as a practicing attorney or as a judge of a court of any state of the United States, the District of Columbia, or the United States; shall not be related to any party or counsel appearing in this action; and shall not have any financial or other interest which would create a conflict of interest. *See* FED. R. CIV. P. 53(a)(2).

**II. Appointments.**

Each person considered for appointment as a special master shall file a curriculum vitae, an affidavit by such person attesting that such person has read and will abide by this plan, and an affidavit by such person disclosing whether there is any ground for such person's disqualification to be a special master. *See* FED. R. CIV. P. 53(a)(2), (b)(3)(A).

**III. Authority.**

Special masters shall consider all issues related to compensatory and/or punitive damages as to each claim made by plaintiffs. To do so, special masters shall have authority to exercise all powers set forth in Rule 53(c), including but not limited to the power to compel, take, and record evidence and to administer oaths. *See* FED. R. CIV. P. 53(c)(1). Testimony taken must be recorded either in a transcript or by electronic means, with all parties clearly identified. All evidence taken or recorded shall be turned over to counsel for plaintiffs who shall preserve it for use by the Court. As to the admissibility of evidence, such masters shall be guided by the Federal Rules of Evidence, but it shall not be necessary for documents to be qualified as genuine pursuant to Federal Rule of Evidence 901. Authentication as required by Rule 901 shall be made by any counsel's representation as an officer of the Court that a proffered document is an accurate copy of what such counsel proffers it to be. As to the evaluation of damages claims, special masters shall be

guided by the Court's previous opinions in *Valore v. Islamic Republic of Iran*, Nos. 03cv-1959, et al., 2010 WL 1244552 (D.D.C. Mar. 31 2010) and cases cited therein.

The special master may communicate *ex parte* with the Court or with counsel for Plaintiffs to the extent that he determines it is reasonable and in aid of the efficient and economical resolution of his duties. Counsel for the Plaintiffs may also communicate with the special master *ex parte*, as reasonably necessary to facilitate carrying out their duties.

**IV. Reports.**

Special masters shall submit reports to the Court containing findings of fact and conclusions of law regarding compensatory and/or damages for claims referred to such masters. Each report shall contain an evaluation of each item of damages.

**IV. Compensation.**

For each day during which a special master works for an amount of time greater than zero but less than or equal to four hours, such master shall be paid $600.00. For each day during which a special master works for an amount of time greater than four hours, such master shall be paid $1,200.00. Each special master shall also be paid for such master's business expenses, excluding transportation expenses, incurred on any day of work; payment for such business expenses shall be limited to $350.00 per day such expenses are incurred. In addition, each special master shall be paid for such master's transportation expenses incurred on any day of work; payment for such transportation expenses shall be unlimited. Should any question arise as to expenses, the regulations promulgated by the Internal Revenue Service regarding business expenses shall govern and, subject to the above limitation, all expenses qualifying as business expenses under Treas. Reg. § 1.162-1 shall be paid.

The Foreign Sovereign Immunities Act provides that special masters appointed to hear damages claims brought under the terrorism exception to the general rule of foreign sovereign

immunity shall be compensated "from funds available for the program under section 1404C of the Victims of Crime Act of 1984." 28 U.S.C. § 1605A(e)(2); *see In re Islamic Republic of Iran Terrorism Litig.*, 659 F. Supp. 2d 31, 61 (D.D.C. 2009) ("[T]he new terrorism exception now provides that special masters should be reimbursed for their work from the Attorney General's Victims of Crime Fund."). Within two weeks of the entry of any damages award in this case, special masters seeking payment shall provide plaintiffs with vouchers itemizing, for each day of work, the amount of time worked, the nature of the work done, and the amount of any business or travel expenses incurred. Such vouchers should also include a calculation of total payment sought. Within two weeks of receiving any such voucher, plaintiffs shall file a motion with the Court seeking the Court's order that the Clerk coordinate payment with the Office for Victims of Crime, Office of Justice Programs, U.S. Department of Justice. Plaintiffs shall append any such vouchers to any such motions. Amounts paid from the Victims of Crime Fund shall be reimbursed to the Fund from any amounts received in satisfaction, partial or otherwise, of any judgment entered on behalf of plaintiffs. Upon application by plaintiffs, all such reimbursements shall be taxed upon the defendant or defendants against which judgment is rendered.

SO ORDERED.

SIGNED this 4th day of August, 2021.

Royce C. Lamberth
United States District Judge

**ALAN L. BALARAN, ESQ.**
1717 PENNSYLVANIA AVENUE, N.W.
NINTH FLOOR
WASHINGTON, D.C. 20006
TELEPHONE: (202) 466-5019 • FACSIMILE: (202) 986-8477
E-MAIL: abalaran@balaran-law.com

**SPECIAL MASTER/CORPORATE COUNSEL/LITIGATION COUNSEL**

Demonstrated experience as a federal special master – investigating claims, resolving discovery disputes, recommending damage awards, administrating funds, ensuring compliance with court orders, and drafting opinions.

**SPECIAL MASTER AND SPECIAL PROSECUTOR APPOINTMENTS** **2007 – Present**

| | |
|---|---|
| ***Karcher v. Islamic Republic of Iran*** | **Civil Action No. 16-0232** |
| ***Ayres v. Islamic Republic of Iran*** | **Civil Action No. 18-0265** |
| ***Levinson v. Islamic Republic of Iran*** | **Civil Action No. 17-0511** |
| ***Baxter v. Islamic Republic of Iran*** | **Civil Action No. 17-1910** |
| ***Bova v. Islamic Republic of Iran*** | **Civil Action No. 15-1074** |
| ***Ewan v. Islamic Republic of Iran*** | **Civil Action No. 17-1628** |
| ***DiBenedetto v. Islamic Republic of Iran*** | **Civil Action No. 16-2429** |
| ***John Doe A-1 TO A-49 v. Republic of Korea*** | **Civil Action No. 18-0252** |
| ***Maupin v. Syrian Arab Republic*** | **Civil Action No. 17-1213** |
| ***Allan v. Islamic Republic of Iran*** | **Civil Action No. 17-0338** |
| ***Bova v. Islamic Republic of Iran*** | **Civil Action No. 15-1074** |
| ***Foley v. Syrian Arab Republic*** | **Civil Action No. 11-0699** |
| ***Kaplan v. Hezbollah*** | **Civil Action No. 10-0483** |
| ***Relvas v. Islamic Republic of Iran*** | **Civil Action No. 14-1752** |
| ***Worley v. Islamic Republic of Iran*** | **Civil Action No. 12-2069** |
| ***Spencer v. Islamic Republic of Iran*** | **Civil Action No. 12-0042** |
| ***Brown v. Islamic Republic of Iran*** | **Civil Action No. 08-0531** |
| ***Anderson v. Islamic Republic of Iran*** | **Civil Action No. 08-0535** |
| ***Davis v. Islamic Republic of Iran*** | **Civil Action No. 07-1302** |
| ***Spencer v. Islamic Republic of Iran*** | **Civil Action No. 06-0750** |
| ***O'Brien v. Islamic Republic of Iran*** | **Civil Action No. 06-0696** |
| ***Murphy v. Islamic Republic of Iran*** | **Civil Action No. 06-0596** |
| ***Bland v. Islamic Republic of Iran*** | **Civil Action No. 05-2124** |
| ***Valore v. Islamic Republic of Iran*** | **Civil Action No. 03-1959** |

- ***Special Prosecutor - Navajo Nation,*** **No. WR-SD-01-09** **2010 – 2012**

  Appointed by the Navajo Nation Special Division of the Window Rock District Court to investigate alleged criminal misconduct and ethical improprieties by senior tribal officials.

- ***Medtronic v. Michelson*****, Civil Action No. 01-2373** **2003 – 2004**

  Appointed by the U.S. District Court for the Western District of Tennessee to oversee the production of electronic discovery and to resolve privilege disputes in a multi-state intellectual property litigation. Responsibilities included overseeing the review of more than ten terabytes of electronic information as well as more than one million pages of documents. Drafted more than two dozen opinions containing findings and recommendations.

- *Cobell v. Norton*, **Civil Action No. 96-1285** **1999 – 2004**

  Appointed by the U.S. District Court for the District of Columbia to adjudicate discovery disputes and to ensure compliance with court orders in a case brought by 500,000 Native Americans alleging breach of fiduciary responsibility by the Departments of the Interior and Treasury. Responsibilities included ensuring the security of trust information and investigating allegations of impropriety. Drafted more than 50 reports and opinions containing findings and recommendations.

- ***Neal v. District of Columbia*, Civil Action No. 93-2400** **1996 – 2006**

  Appointed by the U.S. District Court for the District of Columbia to investigate allegations of sexual harassment and retaliation brought by District of Columbia Department of Corrections employees and to ensure compliance with court orders. Devised a formula to evaluate a spectrum of emotional damages and drafted more than 150 reports and opinions containing findings and recommendations. Subsequently retained by the Department of Corrections to serve as Special Inspector to promulgate policies, procedures, controls and training modules.

---

## CORPORATE COUNSEL POSITIONS

- **Eastern Savings Bank** – The largest privately-owned bank in Maryland.

  **Outside Litigation Counsel** **2010 – 2016**

  Directly responsible for representing bank in disputes concerning the Home Owners Loan Act, the Dodd Frank Act and federal-state preemption issues.

- **BAE Systems/Integrated Systems Solutions** – An international defense contractor.

  **Outside Counsel** **2007 – 2010**

  Directly responsible for security, statutory, and regulatory compliance.

- **Henry L. Stimson Center** – A non-profit organization researching international peacekeeping efforts.

  **General Counsel** **2003 – 2009**

  Directly responsible for compliance, risk management and contract negotiations.

- **Sibley Memorial Hospital**

  **Outside Litigation Counsel** **2001 – 2012**

  Directly responsible for representing hospital in all aspects of employment litigation.

- **Detica Federal, Inc. (formerly DFI International, Inc.)** – British-based defense company providing security consulting services to senior decision-makers in the public and private sectors.

  **General Counsel** **1994 – 2007**

  Directly responsible for all legal matters including employment training, risk management, and contractual transactions.

---

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ESTATE OF EITAM HENKIN, *et al.*,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **1:19-cv-1184 (RCL)** |
| **THE ISLAMIC REPUBLIC OF IRAN, *et al.*,** | ) | |
| **Defendants.** | ) | |

| | | |
|---|---|---|
| **JUDAH HERZEL HENKIN, *et al.*,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **1:18-cv-01273 (RCL)** |
| **THE ISLAMIC REPUBLIC OF IRAN, *et al.*,** | ) | |
| **Defendants.** | ) | |

**DECLARATION OF ALAN L. BALARAN**

I, Alan L. Balaran, swear and affirm as follows:

1. I do not have a relationship to the parties, attorneys, action, or court that require disqualification under 28 U.S.C. § 455.

2. I understand that I must proceed with all reasonable diligence and that my duties as special master are limited to my authority under Federal Rule of Civil Procedure 53(c) and the orders of this Court.

3. I have read, understand, and will abide by the attached Administrative Plan Governing Special Masters.

4. Attached to my declaration is a true and correct copy of my *curriculum vitae*.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 4, 2021

Alan L. Balaran, Esq.